**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| United States of America, | Case No. 3:10CR464 |
| | and 3:11cr188 |
| Plaintiff | |
| v. | **ORDER** |
| Roy D. Calhoun, et al., | |
| Defendants | |

These are criminal cases in which Velda Travis is a defendant. She has filed similar motions in each case seeking relief from allegedly prejudicial joinder. ['464 Doc. 65; '188 Doc. 41]. The gravamen of each motion is substantially the same. For the reasons that follow, the motions shall be denied.[1]

In case '464 Ms. Travis is one of six defendants whom the grand jury originally charged with conspiracy to obstruct justice *vis-a-vis* a child sex trafficking investigation. In addition to the charges against her, the grand jury charged other defendants with conspiracy to engage in sex trafficking of minors, substantive sex trafficking charges and transportation in interstate commerce with the intent to engage in prostitution.

At present, only Ms. Travis and codefendant Roy Calhoun are to stand trial. The government expects to call some of the former co-defendants as witnesses as to both the sex trafficking and obstruction of justice counts. Although Ms. Travis is charged only in the obstruction count, there

---

[1] On December 16, 2011, I notified counsel for the government and Ms. Travis that I was overruling the motions for relief from joinder. This order states my reasons for doing so.

is a nexus between the acts alleged against her and the underlying charges against Mr. Calhoun: namely, the sex trafficking investigation which she allegedly sought to obstruct was the investigation which resulted in the pending charges against Mr. Calhoun.

In addition to this nexus, which alone justifies overruling the motion for separate trials, the government represents that the same witnesses will testify about Calhoun's activities relating to sex trafficking of minors and Ms. Travis's efforts to impede the investigation thereof. It thus makes sense to try these defendants and charges in one, rather than two proceedings.

There is, to be sure, a risk of prejudice to Ms. Travis, given the grave nature of the substantive sex trafficking charges against her codefendant. I am confident, however, that through voir dire before trial and cautionary instructions during and at the conclusion of the trial that I can avoid actual prejudice to her.[2]

In case '188 Ms. Travis is charged in a narcotics conspiracy. Here, again, the only remaining defendant is Mr. Calhoun. By prior order I have severed the trial of these charges from the sex trafficking and related charges.

There is even less reason to grant a separate trial to Ms. Travis in this case than in the '464 case. While I may have all members of the venire present during voir dire, I will implement the other practices I have mentioned above to minimize the risk of prejudice to Ms. Travis from standing trial with Mr. Calhoun.

---

[2] Voir dire will involve an extensive initial questionnaire, full opportunity for counsel to inquire directly of each member of the venire, and questioning of each juror in the absence of other venire persons. In addition, the parties have additional peremptory challenges which they can exercise. Though some or all of these practices are contrary to how many federal judges conduct voir dire, they have proven in past cases to result in fair and impartial juries which have proven themselves able to sort out charges and codefendants.

In light of the foregoing, it is hereby

ORDERED THAT the defendant's motions of relief from joinder ['464 Doc. 65; '188 Doc. 41] be, and the same hereby are denied.

So ordered.

/s/ James G. Carr
Sr. United States District Judge